[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11992

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANNY NUNEZ MARMOL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20151-RKA-4

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Danny Nunez Marmol, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). On appeal, he argues that he is eligible for a sentence reduction under Sentencing Guidelines Amendment 821 and that the district court abused its discretion in denying his motion. The government moves for summary affirmance. After careful review, we grant the government's motion and affirm the district court.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In March 2021, a grand jury returned an indictment charging Marmol and several others, including his brother, Endy, with: (1) conspiracy to distribute five kilograms or more of cocaine that had been imported to the United States, 21 U.S.C. §§ 959(a), 960(b)(1)(B) & 963 ("Count One"); (2) conspiracy to import five kilograms or more of cocaine, 21 U.S.C. §§ 952(a), 960(b)(1)(B) & 963 ("Count Two"); and (3) conspiracy to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) & 846 ("Count Three").

Marmol and the government later entered into a plea agreement wherein Marmol agreed to plead guilty to Count One and the government agreed to dismiss Count Two and Count Three. The parties also agreed that, in light of Marmol's voluntary surrender and removal from the Dominican Republic, they would jointly recommend the district court impose a downward variance at

sentencing. By signing the agreement, Marmol agreed that he faced a mandatory minimum of ten years' imprisonment and a maximum of life imprisonment, to be followed by at least five years of supervised release.

Marmol also agreed to certain facts about his offense conduct. From 2014 through 2020, Marmol participated in a drug trafficking organization that shipped cocaine from the Dominican Republic to the United States using shipping containers and recreational vessels. The cocaine was often pressed between the layers of cardboard in cardboard box flaps. In turn, the boxes were used in shipments of produce transported to the United States. After the boxes of produce arrived in the United States, the produce was discarded and the cocaine was removed from the cardboard. Marmol and his brother then distributed the cocaine in South Florida and the New York area. Marmol was responsible for sourcing cocaine for shipments, investing his own cocaine into the loads, and distributing cocaine being imported into the United States. He received a portion of the drug proceeds from the sale of the cocaine and shared the remaining proceeds with other members of the organization.

In all, Marmol helped ship more than 450 kilograms of cocaine and "made more than $10,778,570.00 in profits" from the scheme.

In advance of sentencing, the probation office prepared a Presentence Investigation Report ("PSI") that described Marmol's offense conduct consistent with the factual agreement between the

parties.  The PSI calculated Marmol's advisory sentencing guidelines range as 168 to 210 months' imprisonment, based on a total offense level of 35 and a criminal history category of I.  *See* U.S.S.G. § ch. 5, pt. A (2021).  The PSI also noted that, even though the parties' agreement did not provide for additional enhancements, Marmol and his brother's involvement in the conspiracy was "extensive" and generated millions of dollars in profits.

The district court ultimately accepted Marmol's plea to Count One and dismissed Counts Two and Three.  After hearing arguments regarding the appropriate sentence, the district court sentenced Marmol to 151 months' imprisonment, to be followed by five years of supervised release.  Such a sentence was a downward variance from the advisory guidelines range, consistent with the parties' joint recommendation regarding Marmol's voluntary surrender.  Endy, Marmol's brother and co-conspirator, pled guilty to the same crime and received the same sentence.

In December 2023, Endy filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) seeking a sentence reduction based on a subsequent amendment to the Sentencing Guidelines, Amendment 821.  The district court denied Endy's motion.  It explained that Endy was eligible for a reduction under Amendment 821, but that the § 3553(a) factors did not warrant relief.  It specifically noted the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and

afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(1)-(2).

In May 2024, Marmol, proceeding *pro se*, moved to reduce his sentence under § 3582(c)(2) and Amendment 821. He argued that he satisfied all the criteria in the Amendment and contended that the reductions prompted by the Amendment justified a reduction in his sentence to 120 months' imprisonment. He also noted that he had voluntarily surrendered and consented to removal from the Dominican Republic. Marmol did not mention rehabilitation or his post-sentencing conduct in his motion.

The government opposed Marmol's motion, arguing that the district court should deny the motion based on the § 3553(a) factors. It conceded that Marmol was eligible for a reduction under the Amendment but noted that the sentence was "carefully crafted" and a result of a "joint recommendation of the parties," weighing against a reduction. It also highlighted the severity of Marmol's offense, which included "extensive involvement in a large-scale drug trafficking organization" and resulted in over $10 million in profits just to Marmol. Finally, it noted that the district court had denied Endy's motion for a sentence reduction, and the same considerations applied to his brother.

The district court denied Marmol's motion in May 2024. The court found that Marmol was eligible for a sentence reduction, but it explained that the § 3553(a) factors did not support a reduction. The court noted that it had reached the same conclusion when Endy moved for a sentence reduction after concluding that

6                    Opinion of the Court                24-11992

the analysis of the § 3553(a) factors in that case "appl[ied] with equal force" in this case.  The court then quoted its order denying Endy's motion, highlighting the nature and circumstances of the brothers' offense and the need for their sentences to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence.  These factors weighed against a reduction because Marmol "made over $10 million in profits through his extensive involvement in a large-scale drug trafficking organization that imported thousands of kilograms of cocaine into the United States over a six-year period."

Marmol timely appealed.

## II. STANDARD OF REVIEW

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

Under Section 3582(c)(2), a district court may modify a defendant's term of imprisonment if the defendant was sentenced

---

[1] All Fifth Circuit decisions issued by the close of business on September 30, 1981, are binding precedent in this Court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

based on a sentencing range that has since been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). We review *de novo* the district court's legal determination of whether a defendant is eligible for a sentence reduction under § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). Once eligibility under § 3582(c)(2) is established, we review the decision to grant or deny a sentence reduction for an abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).

The abuse of discretion standard of review is deferential, and "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call." *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994). In other words, "the abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *Id.* (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)). A district court can abuse its discretion by: "(1) failing to properly consider a relevant sentencing factor that was due significant weight, (2) giving significant weight to a factor that was not relevant, or (3) committing a clear error of judgment by weighing the sentencing factors unreasonably." *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022); *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

In undertaking our review, we liberally construe the filings of *pro se* parties. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than

pleadings drafted by attorneys and will, therefore, be liberally construed.").

## III. DISCUSSION

On appeal, Marmol emphasizes that he met all the criteria for a two-level reduction under Amendment 821, but that the district court denied his § 3582(c)(2) motion based solely on "the nature and circumstances of [his] offense." He notes that he has engaged in rehabilitative activities and programming while in prison, has received no disciplinary reports, is classified as a minimum recidivism and security level, and has maintained a job "off prison detail" while incarcerated. Thus, he argues that the district court's weighing of the § 3553(a) factors was "contrary to the intent and application of Amendment 821." He also contends that other courts have granted sentence reductions under Amendment 821 to defendants who have committed similar crimes and that, accordingly, the district court's order failed to give the Amendment "consistent application."

In response, the government moves for summary affirmance. It concedes that Marmol was eligible for relief under Amendment 821 but argues that the district court "acted well within its broad discretion in determining that the § 3553(a) factors did not warrant a sentence reduction." It maintains that the district court expressly considered the factors and gave significant weight to the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment and adequate

deterrence.  *See* § 3553(a)(1)-(2).  Given the deference to district courts in this context, it contends, the district court's explanation and ruling "was more than sufficient."  Finally, it notes that Marmol did not submit evidence of his rehabilitative efforts to the district court in the first instance and that, regardless of its consideration, this evidence does not establish the district court abused its discretion.

Section 3582 sets forth a two-step inquiry to evaluate a motion for a sentence reduction.  *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  At the first step, the court must recalculate the guideline range under the amended guidelines to determine whether a retroactive amendment lowered the defendant's guideline range and determine whether relief would be consistent with the applicable policy statement.  *Id*.  If the amended guidelines do not affect the defendant's guideline range, the defendant is not eligible for a sentence reduction.  That is because § 3582(c)(2) "does not authorize a sentencing or resentencing proceeding."  *Id*. at 825.  Only the amended guideline range is changed.  *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

At the second step, a district court "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."  *Dillon*, 560 U.S. at 826.  In addressing the § 3553(a) factors, a court is "not required to articulate the applicability of each factor, 'as long as the record as a whole demonstrates that the pertinent factors were taken into

account.'" *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (quoting *Vautier*, 144 F.3d at 762).

Under § 3553(a), a district court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a). In addition, the court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly-situated defendants. *Id.*

A court must consider all relevant § 3553(a) factors, but "the weight given to each factor is committed to the sound discretion of the district court," and it may attach great weight to one factor over the others. *Butler*, 39 F.4th at 1355; *see also United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) ("In this particular case, given Overstreet's [conduct in this case and prior criminal conduct], the need for deterrence and public protection were entitled to great weight.").

In considering whether to grant a reduction under § 3582(c)(2), district courts "may" consider a defendant's post-conviction conduct, but the decision of whether to reduce a defendant's sentence lies within the sound discretion of the district court. *Williams*, 557 F.3d at 1256-57; U.S.S.G. § 1B1.10, comment. (1)(B)(iii). Consideration of post-conviction conduct is appropriate, in some circumstances, because "evidence of postsentencing

rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing," including the history and characteristics of the defendant, or the need to protect the public. *Pepper v. United States*, 562 U.S. 476, 491, 493 (2011).

In November 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. SENTENCING COMM'N, *Adopted Amendments* (Effective November 1, 2023), Amendment 821 ("Amendment 821"). As relevant, the amended guideline added a new section, U.S.S.G. § 4C1.1 (2023), which provides for a decrease in a defendant's offense level if the defendant satisfies ten criteria. *Id*. Specifically, the defendant must not have: (1) received any criminal history points under Chapter Four, pt. A; (2) received an adjustment under U.S.S.G. § 3A1.4; (3) used violence or credible threats of violence in connection with the offense; (4) caused death or serious bodily injury; (5) committed a sex offense; (6) personally caused substantial financial hardship; (7) possessed, received, purchased, transported, transferred, sold, or disposed of a firearm or dangerous weapon; (8) committed an offense under U.S.S.G. § 2H1.1; (9) received an adjustment under U.S.S.G. § 3A1.1; or (10) received an adjustment under U.S.S.G. § 3B1.1. U.S.S.G. § 4C1.1(a) (2023). The Sentencing Commission intended Amendment 821 to have retroactive application. U.S.S.G. § 1B1.10(d).

Here, as the government concedes, the district court correctly concluded that Marmol was eligible for a sentence reduction at the first step of its analysis because Amendment 821 alters

Marmol's guidelines range.  *See* Amendment 821; *Dillon*, 560 U.S. at 826-27; *Vautier*, 144 F.3d at 760; U.S.S.G. § 1B1.10(d).

The district court then, correctly, turned to the second step of the analysis and determined "whether the authorized reduction [wa]s warranted, either in whole or in part, according to the factors set forth in § 3553(a).  *Dillon*, 560 U.S. at 826.  In rejecting Marmol's request for a sentence reduction at this step, the court looked to the § 3553(a) factors, highlighted factors which it gave particular weight, and concluded that the § 3553(a) factors did not weigh in favor of a reduction.  Thus, to the extent that Marmol argues that the district court procedurally erred or failed to properly consider his eligibility under Amendment 821 as part of its analysis, we disagree; the district court followed the required two-step process.  *Dillon*, 560 U.S. at 826-27; *see also United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (explaining an abuse of discretion can occur if the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous" (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004))).

Turning to the second step, the district court did not abuse its discretion.  As we have explained, the district court was permitted to attach great weight to relevant factors, *Butler*, 39 F.4th at 1355, as it did here with respect to the seriousness of Marmol's offense, specifically noting that Marmol had made over $10 million in profits from his crimes.  This was not an abuse of discretion, as that conduct was incredibly serious and warranted serious

consideration. *See Overstreet*, 713 F.3d at 638. Though Marmol received a below-guidelines sentence at his original sentencing, he faced a maximum sentence of life imprisonment for the charge he pleaded guilty to, reflecting the severity of the crime. *See* 21 U.S.C. § 960(b)(1)(B)(ii). Marmol's low-guidelines sentence imposed at his original sentencing also remains within the applicable guidelines range after the reductions caused by Amendment 821. *Cf. United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) ("We ordinarily expect a sentence within the Guidelines range to be reasonable . . . .").

Furthermore, because the court is afforded discretion in weighing the relevant factors, it was not required to give Marmol's post-sentencing conduct significant weight. *Williams*, 557 F.3d at 1256; U.S.S.G. § 1B1.10, comment. (1)(B)(iii).[2] As we noted, the court instead focused on the severity and breadth of Marmol's offense, which was a permissible and highly relevant factor, and the post-sentencing evidence does not establish an abuse of discretion. *See Butler*, 39 F.4th at 1355; *Williams*, 557 F.3d at 1256. Notably, Marmol's sentencing was in May 2022, and he moved for the

---

[2] Marmol did not present his evidence of rehabilitation to the district court in the first instance and raises that issue more prominently on appeal. Generally, to preserve an issue for appeal, a party must present an argument "sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (quoting *United States v. Dennis*, 786 F.2d 1029, 1042 (11th Cir. 1986)). Regardless of any potential preservation issues, we discern no abuse of discretion after considering the additional arguments about rehabilitation presented on appeal.

instant sentence reduction in May 2024, so any evidence of rehabilitation could only span those two years.

To the extent that Marmol argues that similarly-situated defendants have received reductions under Amendment 821, he also has not shown error. "A well-founded claim of [unwarranted] disparity . . . assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quoting *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005)). Evaluating alleged sentencing disparities among similarly-situated defendants requires considering "more than the crime of conviction and the total length of the sentences." *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). "The underlying facts of the crime and *all of the individual characteristics* are relevant." *Id.* (emphasis added). Marmol's general references to other individuals who received sentence reductions under Amendment 821 do not show how or if the defendants were in fact similar to him. Further, the district court's denial of Marmol's motion was consistent with the court's denial of his brother Endy's motion, suggesting that the district court's rulings did not create unwarranted disparities.

Given these circumstances, we conclude that the district court did not "(1) fail[] to properly consider a relevant sentencing factor that was due significant weight, (2) giv[e] significant weight to a factor that was not relevant, or (3) commit[] a clear error of judgment by weighing the sentencing factors unreasonably." *Butler*, 39 F.4th at 1356. Marmol's arguments on appeal do not show otherwise.

### IV. CONCLUSION

We do not minimize the work towards rehabilitation which Marmol represents that he has begun while incarcerated, nor do we suggest that his rehabilitation is irrelevant. *See, e.g.*, 18 U.S.C. § 3553(a)(1) (directing a court to consider "the history and characteristics of the defendant"); *Concepcion v. United States*, 597 U.S. 481, 486 (2022) (explaining that a court considering the § 3553(a) factors should "consider[] the defendant on that day, not on the date of his offense or the date of his conviction" (citing *Pepper*, 562 U.S. at 492)). Based on the totality of the circumstances presented here, however, the district court did not abuse its discretion in denying Marmol's request for a sentence reduction. Therefore, we **GRANT** the government's motion for summary affirmance. *See Groendyke Transp.*, 406 F.2d at 1161-62.

**AFFIRMED.**